IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD RAY BROWN, # 403179      \*
          Plaintiff
  v.                                  \*   CIVIL ACTION NO. CCB-12-2055

BETTY JOHNSON, WARDEN       \*
          Defendant
                                    \*\*\*

MEMORANDUM

Donald Ray Brown ("Brown"), a state inmate confined at the Brockbridge Correctional Facility ("BBCF"), filed an action on July 9, 2012, seeking release from confinement and the provision of proper medical care. He claimed that he has major multiple health care problems, including atrial fibrillation, dizziness, chronic kidney disease, aortic aneurisms, cataracts, severe gum disease, and prostate complications that have not been addressed due to the failure to afford him follow-up appointments and care. Brown further contended that his grievances have not been responded to by authorities and his efforts to file this lawsuit were impeded by the refusal to provide him photocopies and/or the name of the Warden. ECF No. 1.

The lawsuit was construed as a civil rights action for injunctive relief challenging Brown's medical care in a state prison facility. On July 11, 2012, counsel for the Maryland Division of Corrections was ordered to file a response. On August 7, 2012, a show cause response was filed, accompanied by more than forty pages of Brown's medical records from state and county facilities. ECF No. 6. On August 13, 2012, Brown filed a court-ordered motion to proceed in forma pauperis and complaint supplement. ECF No. 8 & 9. He argued that a physician ordered that he receive an MRI of the brain because of dizziness/balance issues and his failure to perform adequately on other tests. ECF No. 8. Brown further claimed that he has not

received the MRI and examinations for his numerous medical problems (cardiac, dental, prostate, gastrointestinal, and eye) as needed.  (*Id*.). On September 4, 2012, the show cause response was treated as a motion for summary judgment.  Brown was given notice of the court's re-characterization of the document and the opportunity to file an opposition.  ECF Nos. 12 & 13.  He has done so.  ECF No. 14.  The case is ready for review and may be decided without oral hearing.  See Local Rule 105.6. (D. Md. 2011).  For the reasons to follow, the Warden's court construed motion for summary judgment shall be granted.

>   Under Fed. R. Civ. P. 56(a):
>
>> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts

2

showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should view the evidence in the light most favorable to the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility. *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

The record shows that Brown is a sixty-three year-old male with a complicated medical history of chronic hypertension, hyperlipidemia, aortic aneurysm, kidney disease, and bi-polar disorder. ECF No. 6, Ex. 1. In December 2011, while confined at the Talbot County Detention Center, he received several blood tests, an EKG, and a CT scan of the brain. All test results were within normal limits. In April of 2012 he was transferred to BBCF from the Maryland Reception, Diagnostic and Correctional Center ("MRDCC"). *Id*. at Ex. 2. He was seen by health care personnel several times at MRDCC in April 2012, and his vital signs were normal in all respects. *Id*. at Ex 1. Brown complained of blood in his urine (hematuria) and pain and swelling of the left foot. The hematuria evaluation continued into June 2012, when it was noted that the condition had resolved. As of July 12, 2012, when seen in the Chronic Care Clinic ("CCC"), Brown was found to be stable and was continued on his medications. Dr. Obsu ordered various blood and urine tests and Brown was scheduled to be seen in the CCC for follow-up care in three months.

Under Supreme Court law, the party seeking a preliminary injunction must demonstrate: (1) by a "clear showing" that, he is likely to success on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.[1]  *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22-24 (2008).

The court has reviewed the aforementioned pleadings and concludes that the granting of injunctive relief (release from confinement) is not warranted in this case.  The required irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) (internal quotation marks and citation omitted); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983). Brown seeks release from confinement due to the alleged failure to provide him follow-up testing and medical care.  The court finds that he has not met his burden of establishing that he will be irreparably harmed if such relief is not granted.  The record, which Brown opines has been filed in an incomplete manner, shows that he is subject to periodic examination in the CCC and been prescribed medications for his conditions.  The court further observes that given the record evidence, there is no substantial likelihood that Brown could succeed on the merits of his civil rights claims.  There is no showing that he has been subjected to physical injury,[2] and there

---

[1] The previous Fourth Circuit balance-of-hardship test set out in *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1997) no longer governs the grant or denial of preliminary injunctions.  Rather, the standard articulated in *Winter* governs the issuance of such emergency relief in this circuit.  *See Real Truth About Obama, Inc. v. Federal Election Com'n,* 575 F. 3d 342, 346-47 (4th Cir. 2009), *cert. granted, judgment vacated*, 130 S. Ct. 2371 (2010) *and reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010).

[2] In his supplemental complaint Brown also seeks money damages.  In the absence of showing physical injury, his claim for damages may not proceed.  The Prison Litigation Reform Act states that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  It is settled law that a prior physical injury is required for a prisoner to recover damages for any emotional and mental injury. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997).

is no showing that BBCF Warden Johnson has been deliberately indifferent to, much less involved in, the delivery of medical care to Brown. The wrong party has been named. No constitutional violation has been demonstrated as to the named defendant and there is no suggestion that others unnamed have denied Brown adequate medical care.

For these reasons, the court shall dismiss the complaint and grant the defendant's court-construed motion for summary judgment. A separate Order follows.


<u>October 5, 2012</u>                                                                               _____/s/_____
Date                                                                                                Catherine C. Blake
                                                                                               United States District Judge